IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| EDIE HOWARD HOUSEL, as Class I Beneficiary of RUSSELL THOMAS HOWARD, HARLI JAYCE HOWARD, and HAYZE COLE HOWARD, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No._____ |
| THE HOME DEPOT U.S.A., INC., d/b/a HOME DEPOT, HD DEVELOPMENT OF MARYLAND, INC., and CASCO DIVERSIFIED CORPORATION, | ) ) ) ) ) | |
| Defendants. | ) | **JURY DEMANDED** |

### DEFENDANTS HOME DEPOT U.S.A., INC.'s AND HD DEVELOPMENT OF MARYLAND, INC.'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Home Depot U.S.A., Inc. and HD Development of Maryland, Inc. ("Defendants"), who file this Notice of Removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 *et. seq.*, 28 U.S.C. § 1441 *et. seq.*, and 28 U.S.C. § 1446 *et. seq.*, and would respectfully show the Court as follows:

1. Home Depot U.S.A., Inc. and HD Development of Maryland, Inc. are defendants in a civil action pending in Circuit Court of Jasper County, Missouri at Joplin , entitled *Edie Housel vs. Home Depot U.S.A., Inc. et al.*; Case No. 14AO-CC00144 (hereinafter referred to as the "State Court Action"). An Index of State Court Action Documents Filed with the Notice of Removal is attached hereto as Exhibit "A," and true and correct copies of all process, pleadings, and orders served upon Defendants in the State Court Action are attached hereto as Exhibit "B," as required by 28 U.S.C. § 1446(a).

2. The State Court Action was filed on May 23, 2014. Home Depot U.S.A., Inc. and HD Development of Maryland, Inc. were served with Plaintiff's Petition for Damages on May 29, 2014. In her Original Petition, Plaintiff asserts wrongful death claims against Defendants and CASCO Diversified Corporation, claiming that her husband and two minor children died inside a Home Depot store on May 22, 2011 when the tornado struck Joplin, Missouri. As a result of the tragic deaths of her husband and children, Plaintiff seeks damages for the loss of their services, support, maintenance, guidance, companionship, consortium, comfort, instruction, counsel and training, and for burial expenses. Thus, it is facially apparent from Plaintiff's Petition that Plaintiff is seeking damages in excess of $75,000.00. This Notice of Removal, therefore, is timely filed within thirty (30) days of service of process of Plaintiff's lawsuit upon Defendants. *See* 28 U.S.C. § 1446(b).

## DIVERSITY OF CITIZENSHIP

3. Plaintiff Edie Housel is and was at the time of the filing of this lawsuit a citizen of the State of Missouri.

4. Home Depot U.S.A., Inc. is and was at the time of the alleged incident and the filing of this lawsuit, a corporation incorporated under the laws of the State of Delaware with its principal place of business in Georgia. Home Depot U.S.A., Inc. is and was, therefore, a citizen of the State of Delaware and Georgia.

5. HD Development of Maryland, Inc. is and was at the time of the alleged incident and the filing of this lawsuit, a corporation incorporated under the laws of the State of Delaware with its principal place of business in Georgia. HD Development of Maryland, Inc. is and was, therefore, a citizen of the State of Delaware and Georgia.

6.  Consequently, the district courts of the United States have original jurisdiction over this action based on complete diversity of citizenship amongst and between the parties, in that Plaintiff and Defendants are now, and were at the time this action commenced, diverse in citizenship from each other.

## IMPROPER AND FRAUDULENT JOINDER

7.  Defendant CASCO Diversified Corporation ("CASCO") is a citizen of Missouri. However, Plaintiff improperly joined CASCO as a defendant to defeat diversity jurisdiction, as there is absolutely no possibility that Plaintiff will be able to establish a cause of action against CASCO in state court. "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Joinder of a non-diverse defendant is fraudulent where it is clear that there is no reasonable basis in fact and law supporting the claim. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). In other words, joinder is fraudulent when state law precludes a cause of action against a defendant. *Id.* at 810-11.

8.  Plaintiff's claims against CASCO are premised on the allegation that CASCO was negligent in "preparing and designing the plans and specifications" for the Home Depot store. *See* Plaintiff's Pet. at ¶ 34. Therefore, it is clear that all of Plaintiff's claims against CASCO are based upon its role in designing the store. Missouri has a ten year statute of repose as set forth in MO. REV. STAT. § 516.097. Section 516.097 reads in relevant part as follows:

> 1.  Any action to recover damages for personal injury, property damage or wrongful death arising out of a defective or unsafe condition of any improvement to real property, including any action for contribution or indemnity for damages sustained on account of the defect or unsafe condition, shall be commenced within ten years of the date on which any such improvement is completed.
>
> 2.  This section shall only apply to actions against any person whose sole connection with the improvement is performing or furnishing, in whole or in part,

NOTICE OF REMOVAL                                                                                                        Page 3 of 5

Case 3:14-cv-05084-MDH   Document 1   Filed 06/28/14   Page 3 of 5

the design, planning or construction, including architectural, engineering or construction services, of the improvement.

3. If any action is commenced against any person specified by subsection 2, any such person may, within one year of the date of the filing of such an action, notwithstanding the provisions of subsection 1, commence an action or a third party action for contribution or indemnity for damages sustained or claimed in any action because of personal injury, property damage or wrongful death arising out of a defective or unsafe condition of any improvement to real property.

9. It is clear from the Petition that CASCO's "sole connection with the [Home Depot store] is" in allegedly "performing or furnishing, in whole or in part, the design, planning or construction, including architectural, engineering or construction services, of the [Home Depot store]." Plaintiff's pleading does not, nor could, set forth any basis for an exception to the application of Section 516.097.

10. Construction on the Home Depot store in Joplin, Missouri was completed on or about March 1, 2001, and Plaintiff did not file her Petition until May 21, 2014, more than 13 years after the construction was complete. *See e.g.* Exhibit "B-5" at p. 5, ¶ 2. Therefore, Plaintiff's claims against CASCO are barred by the statute of repose, and there is no reasonable basis in fact and law supporting the claim against CASCO. Missouri state law inarguably precludes and bars any claim by Plaintiff against CASCO.

11. Accordingly because removal is premised on fraudulent joinder, CASCO need not consent to removal, and its citizenship is disregarded when determining diversity jurisdiction. *Hemker v. St. Louis Science Center*, No. 4:08-cv-00139, 2008 WL 2020210, 1, n.1 (E.D.Mo. 2008). Nervertheless, if this Court finds that consent is necessary, CASCO, without waiving any arguments as to whether it has been properly joined, consents to this removal. *See* Ex. "C."

12. Under 28 U.S.C. § 1446(a), venue of the removed action is proper in this Court as it is the district and division embracing the place where the State Court Action is pending.

13. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly give written notice of the filing of this notice of removal to Plaintiff and will further file a copy of this Notice of Removal with the Clerk of Jasper County, Missouri, where the State Court Action was previously pending.

14. **Jury Demand** – Home Depot hereby requests trial by jury on all issues and claims in this action.

WHEREFORE, Defendants hereby remove the case styled *Edie Housel vs. Home Depot U.S.A., Inc. et al.*; Case No. 14AO-CC00144, and respectfully requests that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action.

Respectfully submitted,

/s/ Michael D. Mayes
Michael D. Mayes #39696
EVANS & DIXON, L.L.C.
4905 S. National Ave., Bldg B
Springfield, Missouri 65810
Telephone: (417) 882-4700
Facsimile: (417) 882-4927
mmayes@evans-dixon.com

ATTORNEYS FOR DEFENDANTS
HOME DEPOT U.S.A., INC. AND
HD DEVELOPMENT OF MARYLAND, INC.

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June, 2014 the foregoing instrument was electronically filed with the Clerk of the Court and served upon all counsel of record via certified mail, return receipt requested.

/s/ Michael D. Mayes
Michael D. Mayes