# EXHIBIT "B-1"

IN THE CIRCUIT COURT OF JASPER COUNTY, MISSOURI
AT JOPLIN

EDIE HOWARD HOUSEL, as Class I Beneficiary )
of RUSSEL THOMAS HOWARD, )
HARLI JAYCE HOWARD, and )
HAYZE COLE HOWARD, )
)
      Plaintiff, )
)
vs. ) Case No.:_____
)
THE HOME DEPOT U.S.A., INC. d/b/a HOME )
DEPOT )
Serve: CSC-Lawyers Incorporating Service Co. )
      221 Bolivar Street )
      Jefferson City, MO 63146 )
)
HD DEVELOPMENT OF MARYLAND, INC. )
Serve: CSC-Lawyers Incorporating Service Co. )
      221 Bolivar Street )
      Jefferson City, MO 63146 )
)
)
CASCO DIVERSIFIED CORPORATION )
Serve: Paul R. Doering )
      10877 Watson Road )
      St. Louis, MO 63127 )
)
      Defendants. )

## PETITION FOR DAMAGES

COMES NOW Plaintiff Edie Housel, by and through her attorneys, and her causes of action against Defendant, hereby states and avers as follows:

### PARTIES AND VENUE

1.     Plaintiff Edie Howard Housel is both over the age of eighteen, and resident of Jasper County, Missouri.

1

2. Defendant The Home Depot U.S.A., Inc. d/b/a Home Depot is a Delaware corporation registered to do business in Missouri and doing business in Missouri as Home Depot (hereinafter referred to as "Home Depot"), and can be served via its registered agent CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 63146.

3. Defendant HD Development of Maryland, Inc. is a Delaware corporation registered to do business in Missouri and doing business in Missouri as Home Depot (hereinafter referred to as "Home Depot"), and can be served via its registered agent CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 63146.

4. Defendants the Home Depot U.S.A., Inc. d/b/a Home Depot and HD Development of Maryland, Inc. (collectively "Home Depot") own, control, and possess the Home Depot store located in Joplin, Missouri at all times relevant.

5. Defendant Casco Diversified Corporation (hereinafter "Casco") is a Missouri Corporation, and service may be made upon Paul R. Doering, 10877 Watson Road, St. Louis, Missouri 63127.

6. Decedent Russell Thomas Howard was at all relevant times, the Plaintiff's husband.

7. Decedent Harli Jayce Howard, a minor, born on February 6, 2006, was the child of Plaintiff and Russell Howard.

7. Decedent Hayze Cole Howard, a minor, born on October 27, 2009, was the child of Plaintiff and decedent Russell Howard.

8. The tortious actions herein described occurred in whole or in substantial part in Jasper County, Missouri.

Electronically Filed - Jasper County - Joplin - May 23, 2014 - 11:45 AM

Case 3:14-cv-05084-MDH   Document 1-2   Filed 06/28/14   Page 3 of 10

## FACTS COMMON TO ALL COUNTS:

9. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

10. On or about May 22, 2011, at approximately 5:17 p.m., tornado sirens sounded in Joplin, Missouri, due to a recently issued tornado warning.

11. At that time, Plaintiff's Husband, Russell Howard, their five year old child Harli and nineteen-month old child Hayze (hereinafter "Plaintiff's decedents") sought refuge inside the Joplin Home Depot.

12. Plaintiff's decedents were directed to the training room in the back of the building by Wells, but before they could reach the area, the large unsupported wall panels collapsed on top of them.

13. Plaintiff's decedents were killed as a result of injuries sustained during the tornado.

## COUNT I:
## NEGLIGENCE AS TO DEFENDANTS THE HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT AND HD DEVELOPMENT OF MARYLAND, INC.

14. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

15. Home Depot owed a duty to invitees and persons entering upon its premises to provide a reasonably safe structure under reasonably foreseeable circumstances.

16. Defendant Home Depot, through its employees or agents, invited the decedents onto its premises during the storm.

17. Defendants knew or should have known that the Joplin Store was located in an area that was at a high risk of tornados and violent wind.

18. Defendants knew or should have known that the Store was not adequately constructed or designed considering this increased risk of violent storms and tornados.

Electronically Filed - Jasper County - Joplin - May 23, 2014 - 11:45 AM

19. Defendants knew or should have known there was not a proper emergency plan in place at the Store, including but not limited to, a lack of signage or identified safe areas/tornado refuge areas.

20. Defendants knew or should have known that with an inadequate emergency plan, injury or death could result to persons entering upon its premises.

21. Defendants knew or should have known that persons located within the store, which had inadequate construction or safe areas, would be exposed to an increased risk of serious injury or death during violent storms.

22. On or about May 22, 2011, Defendant, by and through its employees, agents, and/or servants, breached its duty and was negligent in at least one or more of the following manners:

   a. Failing to address the increased potential for tornado or natural disaster hazard in construction of the Store;

   b. Failing to have proper tornado refuge areas identified;

   c. Failing to have a proper safe room or tornado shelter;

   d. Failing to provide any area of the store that was designed to withstand 200mph wind speeds.

   e. Failing to have proper signage regarding building design or other indicators for employees and others during emergencies;

   f. Failing to properly label safe areas;

   g. Failing to have an emergency plan conspicuously displayed;

   h. Failing to properly train its employees of an emergency plan in the event of a tornado;

Electronically Filed - Jasper County - Joplin - May 23, 2014 - 11:45 AM

i. Failing to direct all persons to, and ensure all people in the store were in, safe areas;

j. Failing to perform vulnerability assessments prior to the storm;

k. Failing to construct the store with an adequate roof system to resist becoming disconnected from the wall system.

l. Failing to construct the store with adequate roof-to-wall connections.

m. Failing to construct the store with enforcing of the required anchorage details;

n. Failing to construct the store with sufficient material strength to provide protection from tornadoes;

o. Failing to ensure their employees, agents, and/or servants understood how to handle emergency situations, including tornados;

p. Failing to designate certain employees to take charge of the store during emergency situations, in the event of their absence;

q. Directing persons inside the Joplin Home Depot to unsafe/improper locations within the store during a tornado;

r. Constructing the building with a mid-span expansion joint in the deck that effectively made the structure into two three-sided buildings, substantially increasing the flexibility and rotational forces on each building and exceeding the industry recommendations for transverse drift.

s. Constructing the building with Tilt-Up concrete walls that collapsed in large panels after becoming disconnected from the roof.

t. Using deficient field welding of the decks.

5

u. Failing to properly inspect the welds used in the construction of the building to ensure they were adequate.

23. Home Depot, by and through its employees, failed to exercise reasonable care to perform the undertaking of its duty to plaintiff and that failure to use reasonable care increased the risk of harm to Plaintiff's decedents.

24. The harm suffered by Plaintiff's decedents was due to Plaintiff's decedents' reliance on Defendants' undertaking to provide them safe shelter during the tornado.

25. Home Depot, failed to exercise reasonable care in providing a reasonably safe structure for persons entering upon its premises

26. Plaintiff's decedents were injured and killed as a result of the inadequate and negligent construction of the Home Depot building they entered.

27. Defendants negligently caused Plaintiff's decedents to be exposed to the large and heavy wall panels that had no support after the roof was removed due to the tilt-wall design.

28. Defendants' actions, deliberate decisions, and failures, mentioned above, negligently caused Plaintiff's decedents to suffer fatal injuries.

29. Each negligent act by Defendants, by and through their employees, agents, and/or servants, was a direct and proximate cause of the deaths of Plaintiff's decedents.

30. The conduct of the Defendants showed a conscious disregard for the safety of others and warrants and award of Punitive Damages.

31. As a direct and proximate result of the above-described negligence of Defendants, Plaintiff has been deprived of decedents services, support, maintenance, guidance, companionship, consortium, comfort, instruction, counsel and training, and has sustained other

6

damages which can reasonably be measured in money. Plaintiff has also incurred travel, burial, and other expenses as a direct result of decedent's injuries and death.

WHEREFORE Plaintiff prays for judgment against Defendants for such damages as are fair and reasonable, in an amount greater than $25,000, for her costs incurred herein, for punitive damages, and for such other and further relief as the Court shall deem just and proper under the circumstances.

### COUNT II – NEGLIGENCE OF DEFENDANT CASCO

32. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

33. Defendant Casco had a duty to prevent reasonably foreseeable and preventable harm in the preparation of plans, specifications, and design of the Joplin Home Depot Store.

34. Defendant Casco was negligent in preparing and designing the plans and specifications for the store in the following respects:

   a. Failing to design the building to withstand the increased potential for tornado hazard in the local area.

   b. Failing to design a proper safe room or tornado shelter;

   c. Failing to design any area of the store that was designed to withstand 200mph wind speeds.

   d. Failing to design the store with an adequate roof system to resist becoming disconnected from the wall system.

   e. Failing to design the store with adequate roof-to-wall connections.

   f. Failing to design the store with the required anchorage details;

Electronically Filed - Jasper County - Joplin - May 23, 2014 - 11:45 AM

g. Failing to design the store with sufficient material strength to provide protection from tornadoes;

h. Designing the building with a mid-span expansion joint in the deck that effectively split the structure into two three-sided buildings, increasing the flexibility and rotational forces on each building, and exceeding the industry recommendations for transverse drift.

i Designing the building to use Tilt-Up concrete walls, which collapsed in large panels after becoming disconnected from the roof.

j. Planning for the use of deficient field welding of the decks.

k. Failing to properly inspect welds.

l. Failing to properly inspect roof to wall joints.

m. Failing to properly secure beams to the floor.

35. Defendant Casco knew or should have known that designing plans and specifications with inadequate preparations to prevent injury from tornado damage would cause injuries of the type sustained by plaintiff's decedents.

36. Defendant Casco's negligence caused or contributed to cause fatal injuries to Plaintiff's decedents when the walls collapsed upon them.

37. The conduct of the Defendants showed a conscious disregard for the safety of others and warrants and award of Punitive Damages.

38. The Defendant Casco's negligence caused or contributed to cause Plaintiff to be deprived of decedents services, support, maintenance, guidance, companionship, consortium, comfort, instruction, counsel and training, and has sustained other damages which can

reasonably be measured in money. Plaintiff has also incurred travel, burial, and other expenses as a direct result of decedent's injuries and death.

WHEREFORE Plaintiff prays for judgment against Defendant CASCO for such damages as are fair and reasonable, for her costs incurred herein, for punitive damages in an amount that is reasonable, and for such other and further relief as the Court shall deem just and proper.

## COUNT III:
## LOSS OF CONSORTIUM

39. Plaintiff incorporate the foregoing paragraphs as though fully set forth herein.

40. Plaintiff Edie Housel was at all times herein mentioned the wife of the decedent Russell Howard.

40. The negligence of the Defendants directly caused or contributed to cause of the death of her husband, as more fully set forth above.

41. That as a result of said injuries to Plaintiff has been caused to suffer the loss of society, consortium, companionship, affection, and support of her husband.

WHEREFORE, Plaintiff Edie Housel prays for judgment against Defendants in an amount in excess of $25,000, for her costs herein expended in this action, and for such further relief as the Court may deem just and appropriate under the circumstances.

Respectfully Submitted,

**THE HERSHEWE LAW FIRM, P.C.**

/s/ Katrina R. Richards
Katrina R. Richards    MO Bar 62573
431 S. Virginia Ave.
Joplin, MO 64801
417-782-3790
417-782-8482 Fax
Katrina.richards@h-law.com
*ATTORNEY FOR PLAINTIFFS*