IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| EDIE HOUSEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:14-cv-05084-MDH |
| | ) |
| THE HOME DEPOT U.S.A. INC. et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant CASCO's Motion for Judgment on the Pleadings (Doc. 8) and Plaintiff's Motion for Remand (Doc. 10). The Court, after full and careful consideration of the issues raised by the motions and analysis of the legal arguments and suggestions provided by the parties, hereby **DENIES** Plaintiff's motion for remand and **DENIES** Defendant CASCO's motion for judgment on the pleadings. Plaintiff's claims against Defendant CASCO are **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

Plaintiff filed a negligence petition on May 23, 2014 in the Circuit Court of Jasper County, Missouri. The facts giving rise to Plaintiff's action surround the tornado that touched down in Joplin, Missouri on May 22, 2011. On that date, Plaintiff's husband and two children were killed when they sought refuge inside a Home Depot store. The petition alleges that the store's structural defects caused or contributed to causing the decedents' injuries and deaths. Plaintiff seeks recovery from the architect and builder of the store, CASCO Diversified Corporation ("CASCO"), and the owner/operator of the store, Home Depot U.S.A., Inc. / HD

1

Development of Maryland, Inc. ("Home Depot").[1]  Plaintiff and CASCO are citizens of Missouri.  Home Depot is a citizen of Delaware and Georgia.

On June 28, 2014, Defendants removed the case to federal court on the basis of diversity jurisdiction, alleging that Defendant CASCO was fraudulently joined.  According to Defendants, the petition states no viable claim against CASCO because tort actions arising from the company's purported wrongdoing are barred from litigation as a matter of law by Missouri's statute of repose; therefore, CASCO is entitled to judgment on the pleadings and Home Depot properly invokes diversity jurisdiction.  Plaintiff's motion for remand counters that the statute of repose is an affirmative defense that must be pleaded and proved in state court before Defendant CASCO is dismissed and the case can be removed on the basis of diversity.  Plaintiff further asserts that CASCO was not fraudulently joined.

## STANDARD

An action may be removed from state court to federal district court if the case falls within the original jurisdiction of the district court.  28 U.S.C. § 1441(a).  If the case is not within the original jurisdiction of the district court, the court must remand the case to the state court from which it was removed.  28 U.S.C. § 1447(c).  A removing defendant "bears the burden of establishing that the district court ha[s] original jurisdiction by a preponderance of the evidence." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011).  "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

A defendant can remove a civil action from state court to federal court on the basis of diversity of citizenship.  28 U.S.C. § 1441(b).  While such removal requires complete diversity, "a federal court will not allow removal to be defeated by the collusive or fraudulent joinder of a

---
[1] It is uncontested that the petition seeks damages in excess of $75,000.

resident defendant." *Reeb v. Wal-Mart Stores, Inc.*, 902 F.Supp. 185, 187 (E.D. Mo. 1995). To establish fraudulent joinder, the defendant must "prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson*, 634 F.3d at 980 (quoting *Filla v. Norfolk S. Ry Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). The plaintiff's motive is immaterial; rather, courts focus on whether the petition states a legal and factual basis to recover against the non-diverse defendant. *See Gillette v. Koss Const. Co.*, 149 F.Supp. 353, 355 (W.D. Mo. 1957). Courts pierce the pleadings in order to determine the issue of fraudulent joinder. *Parnas v. General Motors Corp.*, 879 F.Supp. 91, 93 (E.D. Mo. 1995).

Unlike the *Erie* analysis for most diversity cases, in a fraudulent joinder scenario, "the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Filla*, 336 F.3d at 811. "If it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Id.* at 810 (quoting *Iowa Public Service Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 406 (8th Cir. 1977)). Alternatively, "[w]here the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Id.* at 811.

A removal based on fraudulent joinder grants the district court only temporary jurisdiction to determine whether the non-diverse defendant was fraudulently joined. *Wivell v. Wells Fargo Bank, N.A.*, 756 F.3d 609, 616 (8th Cir. 2014). The district court's subject matter jurisdiction does not arise until after a non-diverse defendant is dismissed. *Id.* Accordingly, where fraudulent joinder exists, the Court should dismiss the claims against the non-diverse

defendant without prejudice because the Court has no jurisdiction to reach the merits of such claims. *Id.* at 617.

## DECISION

Plaintiff's petition asserts that Defendant CASCO was negligent in designing and constructing the Home Depot store wherein her husband and children were killed. In Missouri, design professionals, architects, engineers, and builders can be held liable in tort for defective or unsafe conditions in their improvements to real property that cause injury. *See* Mo. Rev. Stat. § 516.097; *Thompson v. Higginbothom*, 187 S.W.3d 3 (Mo. App. W.D. 2006). Missouri law places a ten year statute of repose[2] on such actions where the defendant's "sole connection with the improvement is performing or furnishing, in whole or in part, the design, planning or construction." *Id.* at § 516.097.1-2. The ten-year period to bring a cause of action typically commences "on the date on which such improvement is completed." *Id.* § 516.097.1. However, where an occupancy permit is issued, the ten-year period starts to run on the date the permit is issued. *Id.* at § 516.097.6 ("Notwithstanding subsection 1 of this section, if an occupancy permit is issued, the ten-year period shall commence on the date the occupancy permit is issued.").

Here, the statute of repose is applicable and bars Plaintiff's cause of action against Defendant CASCO. It is clear that Plaintiff's cause of action against CASCO is based solely upon the design and construction of the Home Depot store and, therefore, falls within the scope of section 516.097. Even Plaintiff's Brief acknowledges that "[t]aking all Plaintiff's allegations as true, Defendant CASCO Corporation will have liability as a *design and engineering company*

---

[2] The Missouri Supreme Court explained the difference between a statute of limitations and a statute of repose in *Blaske v. Smith & Entzeroth, Inc.*, 821 S.W.2d 822, 834 (Mo. 1991). "A statute of limitations allows the cause of action to accrue and then cuts off the claim if suit is not filed within a certain period of time. A statute of repose eliminates the cause of action altogether after a certain period of time following a specified event; in this instance, the completion of construction. More importantly, the cause of action is eliminated before the plaintiffs' injury and thus before plaintiffs' cause of action accrues." *Id.*

*who designed and engineered a building* that caused or contributed to cause harm to Plaintiff's decedents because of negligent design." (emphasis added). Because an occupancy permit was issued for the relevant Home Depot store, subsection (6) of section 516.097 governs these facts. Defendant supplied a copy of the permit, which was issued on November 13, 2000. Because Plaintiff filed suit on May 23, 2014, more than ten years after the date the occupancy permit was issued, Plaintiff's cause of action against CASCO is barred as untimely under Missouri's statute of repose.

Plaintiff does not dispute that her cause of action against CASCO falls within the ambit of section 516.097, but instead argues that: (1) discovery is necessary to determine when the improvement was "completed" such that the time limit under subsection (1) began accruing, and (2) the statute of repose may be inapplicable based on an exception listed in the statute such that is a finding of fraudulent joinder is precluded. The Court can easily dispose of Plaintiff's first argument. Because an occupancy permit was issued in this case, subsection (1) of section 516.097, which states that commencement of the ten-year repose period begins on the date improvement was completed, does not apply. Instead, subsection (6) applies "notwithstanding" the any commencement under subsection (1). Therefore, the ten-year period at issue conclusively commenced on the date the occupancy permit was issued.[3]

Plaintiff's second argument is also unavailing. The statute of repose states that it does not apply to actions where: (1) the action is barred by another provision of law, (2) the defendant conceals any defect or deficiency in the design, planning or construction of an improvement that

---

[3] The Supreme Court of Missouri upheld the constitutionality of the statute of repose and explained the reasoning behind it in *Blaske v. Smith & Entzeroth, Inc.*, 821 S.W.2d 822, 830 (Mo. 1991). As compared to materialmen, those who are architects, engineers, and builders have less of an opportunity to perfect their product because each product involves different projects and different real estate. *Id.* As compared to owners and occupiers, who continue in control of the improvement during its useful life, those who are architects, engineers, and builders cease to be connected with such improvements. *Id.* Further, owners and occupiers maintain the property, search out and correct problems, and pass occupancies policies that become more important with time; conversely, construction decisions and design decrease in importance over time. *Id.*

5

results in the defective or unsafe condition at issue, or (3) the plaintiff is an owner/possessor of real estate or the improvements on real estate. *Id.* at § 516.097.4. Plaintiff asserts it is possible that, here, Defendant CASCO concealed a defect or deficiency in design, planning or construction that resulted in the unsafe condition. If this were the case, the time limitation contained in the statute of repose would not govern Plaintiff's claims and the complaint would provide "a reasonable basis in law and fact," thereby precluding fraudulent joinder.

Plaintiff, however, failed to present a reasonable factual basis to conclude that active concealment occurred. *See Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (finding that a potential exception to a statute providing for the mandatory dismissal of products liability claims against sellers did not preclude finding for fraudulent joinder where plaintiff failed to show any reasonable basis for finding that exception applied). Furthermore, Defendant Home Depot judicially admits within its Brief that CASCO did not conceal anything regarding the design of the store. It is worth noting that all of Plaintiff's claims against CASCO are duplicative of those alleged against Home Depot; therefore, Plaintiff will not be prevented from recovering for the purported violations if proven, especially where Home Depot admitted that the architect of the store did not conceal any structural defects.

Because "it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant," the Court concludes that CASCO was fraudulently joined. Other courts have similarly held that time-barred claims support a finding of fraudulent joinder. *See In re Briscoe*, 448 F.3d 201, 225 (3d Cir. 2006) ("The presence of a clear limitations bar is one way to identify a fraudulent joinder"); *Smallwood v. Illinois Cent. R. Co.*, 342 F.3d 400, 407 reh'g en banc granted, opinion vacated, 355 F.3d 357, n.49 (5th Cir. 2003) (dicta unaddressed at rehearing noting that a statute of limitations argument would successfully

support an argument for fraudulent joinder); *LeBlang Motors, Ltd. v. Subaru of Am., Inc.*, 148 F.3d 680, 690 (7th Cir. 1998) ("If the time to bring the cause of action had expired, then the district court was correct in dismissing [non-diverse defendants] as fraudulently joined."); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319 (9th Cir. 1998) ("We recognize that if [non-diverse defendants] had not asserted the statute of limitations, [plaintiff's] cause of action against them might well be viable. . . . Nevertheless . . . his failure to state that cause of action against [non-diverse defendants] demonstrates beyond peradventure that they were sham defendants for purposes of removal.").

Furthermore, a district court in the Eighth Circuit recently addressed the issue of time barred claims and fraudulent joinder. In *Wages v. Johnson Reg'l Med. Ctr.*, the plaintiff brought causes of action against defendants American Medical Systems ("AMS") and Johnson Regional Medical Center ("JRMC") in Arkansas state court alleging negligence, marketing defects, and products liability related to a medical device implanted into her body. 916 F. Supp. 2d 900, 902 (W.D. Ark. 2013). Defendant AMS removed the case to federal court on the grounds that JRMC, a non-diverse defendant, was fraudulently joined to defeat diversity jurisdiction. *Id.* AMS argued that all claims against JRMC were governed by the Arkansas Medical Malpractice Act, which had a two-year statute of limitations that had expired prior to plaintiff filing suit. *Id.* The district court agreed with JRMC's analysis and concluded:

> Considering that the wrongful act complained of by Plaintiffs took place on December 27, 2005, and a lawsuit was not filed until September 11, 2012, Plaintiffs' claims against JRMC have no reasonable basis for success due to the running of the statute of limitations period. Therefore, the Court finds that JRMC was fraudulently joined in this action and is hereby dismissed with prejudice. Id. at 903-04.

In sum, the Court finds that Defendant CASCO was fraudulently joined because Plaintiff's claims against that defendant are barred by the applicable statute of repose. Therefore,

7

under clear Eighth Circuit precedent, it is appropriate for the Court to retain jurisdiction over Plaintiff's claims against Home Depot and dismiss those claims asserted against CASCO without prejudice. Accordingly, Defendant CASCO's motion for judgment on the pleadings is denied because the Court is without subject matter jurisdiction to consider the motion.

## CONCLUSION

For the above stated reasons, the Court **DENIES** Plaintiff's Motion for Remand (Doc. 10) and **DENIES** Defendant CASCO's Motion for Judgment on the Pleadings (Doc. 8). Because Defendant's motion is denied, Plaintiff's Motion for Extension of Time to Respond to Defendant CASCO's Motion for Judgment on the Pleadings (Doc. 12) is also **DENIED** as moot. Defendant CASCO is **DISMISSED WITHOUT PREJUDICE** and the Court retains the remainder of the case.

**IT IS SO ORDERED**.

DATED: September 9, 2014

                                                   */s/ Douglas Harpool*
                                                   DOUGLAS HARPOOL
                                                   UNITED STATES DISTRICT JUDGE